BENJAMIN WAGNER
United States Attorney
MICHELLE RODRIGUEZ
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> KEITH LAMONT SMITH, ) <br> ) <br> Defendant. ) <br> _____) | CR. NO. S-04-132-LKK |
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> RAYMELL LAMAR EASON, and ) <br> KEITH LAMONT SMITH, ) <br> Defendants. ) <br> _____) | CR. NO. S-12-241-WBS <br><br> MOTION AND STIPULATION TO RELATE CASES AND ~~PROPOSED~~ ORDER |

Under Local Rule 123(a), the United States hereby notifies the Court of a related case and the United States further moves that the case be related. Defense counsel for defendant Smith, Ronald Peters, has been advised of this motion and stipulates that the above referenced matters are properly related and should be assigned to the same judicial official, namely Hon. William B. Shubb.

1

By local rule, via Court order on 7/3/2012, Cr 12-241 (charging Eason with a 4/17/2012 armored car robbery in violation of 18 USC 1951(a)) was related to the earlier filed matter Cr 02-449 (charging Eason with TSR violation re the underlying robbery). Both matters are at present properly assigned to Hon. William B. Shubb. The next status hearing in Cr 12-241 (and Eason's TSR case (Cr 02-449)) is calendared for 8/6/2012 before Judge Shubb.

In addition to Eason, the Indictment in Cr 12-241 charges Keith Lamont Smith with aiding and abetting the 4/17/2012 armored car robbery. Like Eason, co-defendant Smith[1] – at the time of the 4/17/2012 robbery – was a federal felon on EDCA supervision. The petition against Smith (in Cr 04-132) for violation of terms of supervision is presently calendared for status on 7/17/2012 before Hon. Lawrence K. Karlton.

The United States and defendant Smith, via his counsel, submit that Cr 04-132 should properly be (a) related to Cr. 12-241 (charging Smith with the 4/17/2012 armored car robbery) and (b) assigned to the same judicial official (Judge Shubb). The proof in each case involves similar victims, similar witnesses, related/associated law enforcement personnel, and related factual background. Further, the charges stem from and relate to similar investigation conduct.

---

[1] In 2004, an Indictment was filed initiating case number CR. S-04-132-LKK against Smith. This matter resulted in Smith's conviction as charged in the single count Indictment (violation of 18 USC 922(g)(1) – felon in possession of a firearm). On 8/23/2005, Smith pled guilty and, on 11/1/2005, Smith received a 70 month jail term followed by 3 years supervision. On 7/21/2009, Smith began his EDCA supervision.

Accordingly, relation of the TSR case against Smith (Cr 04-132) with the case before Judge Shubb (Cr 12-241) would help victims, law enforcement, and witnesses deal with prosecution and judicial burdens. In addition, relating the matters would be efficient for the U.S. Probation Office. Moreover, consistent with Local Rule 123, the matters involve the same parties, underlying transactions/events, similar questions of fact, and having the matters assigned to two different judicial officials would entail duplication of labor and waste of judicial resources.

Dated: 7/5/2012

BENJAMIN B. WAGNER
United States Attorney

By: /s/ Michelle Rodriguez
MICHELLE RODRIGUEZ
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

   Plaintiff,

 v.

KEITH LAMONT SMITH,

   Defendant.

CR. NO. S-04-132-LKK

UNITED STATES OF AMERICA,

   Plaintiff,

 v.

RAYMELL LAMAR EASON, and
KEITH LAMONT SMITH,

   Defendants.

CR. NO. S-12-241-WBS

**RELATED CASE ORDER**

Examination of the above-captioned matter, CR. NO. S-12-241, and the TSR violation petition underlying the criminal action in CR. NO. S-04-132 reveals that the actions are related within the meaning of Local Rule 123. The actions involve similar transactions, including as to victims and witnesses, and would

therefore entail a substantial duplication of labor if heard by different judges. Accordingly, the assignment of the matters to the same judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties.

The parties should be aware that relating the cases under Local Rule 123 merely has the result that the actions are assigned to the same judge. No consolidation of the actions is effected. Under the regular practice of this court, related cases are assigned to the judge to whom the first filed action was assigned.

IT IS THEREFORE ORDERED that the action denominated CR. NO. S-04-132 is reassigned to the undersigned judge for all further proceedings. Henceforth, the caption on documents filed in the reassigned case shall show the initials "WBS" instead of the other jurist's initials.

IT IS FURTHER ORDERED that the clerk of the Court shall:
(a) vacate the 7/17/2012 status hearing date before Judge Karlton in Cr 04-132;
(b) calendar the Cr 04-132 matter for status on 8/6/2012 before the undersigned judge; and
(C) make appropriate adjustment in the assignment of criminal cases to compensate for this reassignment.

DATED: July 6, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE